J-S13023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE A. LAWSON | : | |
| | : | |
| Appellant | : | No. 1078 EDA 2025 |

Appeal from the PCRA Order Entered March 24, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000542-2009

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 10, 2026**

Appellant Tyree A. Lawson appeals from the order dismissing his serial Post-Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant claims that the PCRA court erred by dismissing his PCRA petition as untimely. After review, we affirm.

The PCRA court set forth the procedural history of this case as follows:

On March 9, 2011, a jury convicted Appellant of robbery and related offenses. He was sentenced on June 1, 2011, to a term of 18 to 60 years' imprisonment. Appellant's judgment of sentence was affirmed by the Pennsylvania Superior Court on August 7, 2012, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on January 18, 2013.

On June 18, 2013, Appellant filed his first PCRA petition, which was fully adjudicated, and relief was denied. The Pennsylvania Superior Court affirmed this dismissal. A series of additional PCRA petitions followed.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

On June 19, 2018, Appellant filed a serial PCRA petition, asserting that he uncovered [an after] discovered evidence [claim], and that [the newly discovered fact] exception made this petition timely. While [the PCRA] court determined that [the newly discovered fact] exception applied, Appellant was denied relief of his substantive claim, asserting that he was entitled to a new sentencing hearing. On appeal, the Pennsylvania Superior Court agreed that Appellant established the newly discovered [fact] exception; however, the Superior Court rejected Appellant's underlying claim because the [after] discovered evidence exception did not apply to sentencing hearings. [**See**] ***Commonwealth v. Lawson***, [2543 EDA 2018, 2020 WL 1923077 (Pa. Super. filed Jan. 10, 2020) (unpublished mem.)]. The Superior Court *sua sponte* raised [an] issue regarding the legality of his sentence and remanded this case back to this court to determine if Appellant was entitled to time credit for time served.

On remand, the parties agreed . . . that Appellant was entitled to time credit and amended the effective date that his sentence was to commence. After a ***Grazier*** Hearing, Appellant filed a *pro se* appeal challenging his resentencing. On May 31, 2023, the Pennsylvania Superior Court affirmed his judgment of sentence. On February 20, 2024, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On March 7, 2024, and March 12, 2024, Appellant filed additional PCRA petitions. These were dismissed on March 25, 2024, without prejudice because the time for seeking discretionary review with the United States Supreme Court had not yet expired. On April 2, 2024, Appellant again sought PCRA relief by filing a Motion to Modify, Vacate and/ or Nullify Illegal Sentence and/ or Alternatively Petition for Writ of *Habeas Corpus*. On April 5, 2024, this filing was also dismissed without prejudice for the same reason as his two previous PCRA petitions. On April 15, 2024, Appellant filed again for PCRA relief, which [was] dismissed without prejudice, for the same reason as his previous petitions.

On May 28, 2024, Appellant filed a Motion for a New Trial on After Discovered Evidence. It is this filing that gives rise to this appeal. On July 29, 2024, Appellant was directed to amend his serial petition to attach evidence of a news article he alleged was the basis for his assertion of the newly discovered [fact] exception. He had thirty days to do so. Appellant filed an amended petition attaching the news article on August 21, 2024. On February 24,

2025, [the PCRA court] issued a 907 notice, notifying Appellant of [the PCRA court]'s intention to dismiss his petition, having found that he did not qualify for the newly discovered evidence exception. The news article he relied on to support his claim to this exception did not. On March 14, 2025, and on March 19, 2025, Appellant filed responses to this notice. On March 24, 2025, the final order of dismissal was entered.

\*    \*    \*

A slew of *pro se* filings followed from the time Appellant filed the PCRA petition at issue in this appeal through the notice of appeal filed on April 17, 2025. Those relevant to this appeal include: (1) On June 28, 2024, Appellant filed a Motion to Disclose any *Ex Parte* Communications from the Commonwealth District Attorney's Office or SCI Phoenix's Confined Persons Acting as Informants or Agents[,] which was dismissed on July 9, 2024; (2) also on June 28, 2024, Appellant filed a Petition for DNA Testing; (3) June 17, 2024, Appellant filed a Motion to Disqualify PCRA/Trial Judge, which was denied on July 29, 2024; (4) Appellant sought to amend that order so as to permit him to file an appeal. This was denied August 19, 2024; (5) on August 20, 2024, Appellant requested leave to file an amendment to supplement claims his PCRA petition with claims that arose on November 22, 2022, that were not referenced in [the PCRA court]'s motion to amend his May 28, 2024 PCRA petition; (6) on August 21, 2024, Appellant filed an Amended PCRA, in which he claims a governmental interference exception and newly discovered evidence exception based upon the same set of facts that he asserted in his May 28, 2024 PCRA petition, at issue in this appeal; (7) on March 14, 2025, Appellant file[d] a request for leave to file [an] additional [claim]; (8) on March 17, 2025, Appellant filed a motion for disclosure of cooperating guilty plea transcripts, guilty plea colloquy and other evidence; (9) on March 28, 2025, after the issuance of the final order giving rise to this appeal, Appellant filed a supplemental pleading requesting DNA testing of prosecutor's nylon stockings.

PCRA Ct. Op., 6/3/25, at 2-4 (footnote omitted and some formatting altered).[2]

_____

[2] We note that Appellant also sought to raise issues with his resentencing in a separate proceeding. **See** PCRA Ct. Op., 6/3/25, at 4. The PCRA Court appointed counsel to review for potential PCRA claims related to his

*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal from the PCRA court's March 24, 2025 dismissal order. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review, which we have reordered as follows:

1. Whether the PCRA court erred, abused its discretion and violated due process by failing to address [Appellant's] 42 Pa. C.S. § 9543.1: request for DNA testing of the prosecution eleventh-hour "nylon stocking" that contains no-record support of any chain of custody;[3]

2. Whether the PCRA court erred — while failing to address its directed August 21, 2024 amended PCRA petition that properly corrected, pled and invoked timeliness exceptions of 42 Pa.

_____

resentencing. **See id.** PCRA counsel filed a no merit letter and the PCRA court ultimately dismissed Appellant's PCRA petition regarding his resentencing. **See id.** Appellant sought to appeal that dismissal *nunc pro tunc* but later withdrew that appeal. **See** Application to Appeal *Nunc Pro Tunc*, 48 EDM 2025, 4/14/25; Order, 48 EDM 2025, 8/15/25; Order, 1675 EDA 2025, 4/17/26. Accordingly, Appellant's claims regarding his resentencing are not before us.

[3] The order from which Appellant appeals did not dismiss Appellant's motion for DNA testing. **See** PCRA Ct. Order, 3/24/25; **see also** PCRA Ct. Op., 6/3/25, at 4-5, 20. Since the PCRA court did not rule on Appellant's motion for DNA testing, it remains pending and issues regarding it are not properly before us. **See Commonwealth v. Tyler**, 234 A.3d 750, 753 (Pa. Super. 2020) (explaining that "the litigation of a motion for DNA testing is, in substance, a wholly separate proceeding from litigation of a PCRA petition" (some formatting altered and citation omitted)); **see also Commonwealth v. Markijohn**, 489 WDA 2022, 2023 WL 6452253, at *7 (Pa. Super. filed Oct. 3, 2023) (unpublished mem.) (declining to address issues raised on appeal regarding a motion for DNA testing where the order appealed from denied the petitioner's PCRA petition and not the motion for DNA testing); Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value). Accordingly, we do not address this issue further.

C.S. § 9545(B)(l)(i)-(ii) resulting prosecutorial misconduct, bad faith suppression, failure to correct its witness false testimony and violated due process and law of case doctrine by ruling May 28, 2024, after-discovered evidence untimely;

3. Whether the in the face of newly discovered facts demonstrating: prosecutorial misconduct, bad faith suppression, abuse of power, failure to correct false testimony — the PCRA court violated due process by issuing its March 24, 2025, final order of dismissal while failing to address March 17, 2025, motion for disclosure of cooperating Codefendant's guilty plea transcripts, guilty plea colloquy and other materials that improperly influenced its witness trial testimony;

4. Whether the PCRA court abused its discretion by denying without reason [Appellant's] request for recusal, while failing to address 2022 newly discovered facts showing judicial bias and due process violation;

5. Whether the PCRA court erred, abused its discretion and violated due process after issuing its February 24, 2025, notice of intent to dismiss, and failed to address March 14, 2025 filed request for leave to file newly discovered facts — demonstrating Commonwealth's unconstitutional change in trial theories of [Appellant's] 2011 jury trial compared to its 2008, version-presented during the jury trial of Codefendant Michael Potter, and violated due process.

Appellant's Brief at 5 (some formatting altered).

## Timeliness of the Petition

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and some formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "**no court** has jurisdiction to hear an untimely PCRA petition" (citation omitted and emphasis in original)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, Appellant's instant petition is facially untimely as it was filed on May 28, 2024, more than a decade after his judgment of sentence became final on June 10, 2013, when the United States Supreme Court denied his writ of certiorari. **Lawson v. Pennsylvania**, 569 U.S. 1035 (2013); **see Jones**, 54 A.3d at 16-17; 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Smith**, 2403 EDA 2022, 2023 WL 4842262, at *4 n.6 (Pa. Super. filed July 28, 2023) (unpublished mem.) (stating that where a PCRA petitioner does not raise challenges to his resentencing in his petition, "we use the date when [the petitioner's] original judgment of sentence became final" for our timeliness analysis).

To establish the timeliness of his petition, Appellant pled the newly discovered facts and governmental interference exceptions to the PCRA's jurisdictional time-bar. **See** Appellant's Brief at 14-21; **see also** Amended PCRA Petition, 8/21/24, at 9. Both of Appellant's timeliness arguments are based on the alleged discovery of a deal between trial witness Andrew Bing ("Bing") and the Montgomery County District Attorney's Office. **See** Appellant's Brief at 14-21. Appellant states that he discovered this alleged

deal after a "blood relative" of Andrew Bing told Appellant that Bing would "provide Appellant with a statement, attesting to both the deal he received, and the fact [that] during Appellant's trial he was instructed to deny any deal, if asked." *Id.* at 16 (some formatting altered). Appellant explains that, after hearing about Bing's willingness to provide a statement, he retained a private investigator via a law firm to secure Bing's statement. *See id.* The private investigator produced a report outlining the investigation, which referenced a newspaper article about the civil forfeiture of the home of Bing's mother, Rochelle Bing. *See id.* at 17. Appellant argues that the foregoing materials and information constitute newly discovered facts and that the Commonwealth's failure to disclose the alleged deal constituted a *Brady*[4] violation and, thus, satisfies the governmental interference exception. *See id.* at 14-15.

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). "Due diligence [requires] that the petitioner take reasonable steps to protect his own interests." *Id.*

---

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963).

It is well settled that a **Brady** claim may fall within the governmental interference and newly-discovered fact exceptions to the PCRA time bar. **Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019).

With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner must establish that "the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). However, the Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a **Brady** claim, as it "does not require any merits analysis of the underlying claim." **Id.**

In the context of Section 9545(b)(1)(i)'s governmental interference exception, a petitioner raising a **Brady** claim "must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Id.**

Finally, general unsupported allegations without evidence cannot satisfy a petitioner's burden to prove the governmental interference or newly-discovered fact exceptions. **See Commonwealth v. Allison**, 235 A.3d 359, 364 (Pa. Super. 2020) (citation omitted); **see also Commonwealth v. Dickerson**, 900 A.2d 407, 411 (Pa. Super. 2006) (rejecting a governmental interference argument where an appellant failed to prove the existence of witness statements he argued constituted **Brady** material).

Here, the PCRA court addressed the timeliness of Appellant's PCRA petition as follows:

Despite Appellant's characterization of the article, which he relies on as a new fact, [the article] does not in fact suggest in any way that Mr. Bing's mother's home was saved from civil forfeiture in exchange for his testimony at Appellant's trial. **Simply put, Appellant has not provided any evidence that Mr. Bing was provided a deal on behalf of his mother in any way.**

The 2013 article . . . does profile Rochelle Bing and states that her home was in jeopardy of civil forfeiture after police raided her house in October 2009 and charged her son, Andrew, with selling crack cocaine to an undercover informant. Important to this petition the article concludes that:

> [Rochelle] Bing's fight to save her home dragged on for two years and required her or her attorney to appeal in court no fewer than 23 times. Finally, prosecutors settled the case, allowing Bing to retain ownership if she agreed not to let her son visit when she wasn't home. (Her son, who negotiated a guilty plea to one count of possession with intent to distribute, had already finished serving [the] sentence he received.)

> [Rochelle] Bing said she would have agreed to that condition at the outset.

Accordingly, despite the characterization that this article provided a new fact, it did not. **It is no way suggests that Mr. Bing received a deal regarding his participation in the crimes underlying this case in return for his testimony. In addition, the article in no way suggests that Mr. Bing received any kind of deal in the drug case that caused his mother's house to be a risk for civil forfeiture in the first place.**

PCRA Ct. Op., 6/3/25, at 14-15 (some formatting altered, citations omitted, and emphasis added).

After our review, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition as untimely because Appellant has failed to prove the existence of the deal he argues satisfies the newly-discovered fact and governmental interference exceptions.[5]  ***See Sandusky***, 203 A.3d at 1043; ***Albrecht***, 994 A.2d at 1094; ***Allison***, 235 A.3d at 364; ***Dickerson***, 900 A.2d at 411.  As the PCRA court notes, the newspaper article that Appellant proffers simply states that Bing's mother was able to save her home from civil forfeiture by making an agreement with the Philadelphia District Attorney's office that required Bing to not be in the home when she was not present.  ***See*** Amended PCRA Petition, 8/21/24, Exhibit B (Newspaper Article).  The article does not establish the existence of a deal between Bing and the Montgomery County District Attorney's office in exchange for Bing's testimony at Appellant's trial.  ***See id.***; ***see also Commonwealth v. Williams***, 1946 EDA 2024, 2025 WL 2400171, at *5 (Pa. Super. filed Aug. 19, 2025) (unpublished mem.) (recognizing that "[i]t is now well-settled that newspaper articles cannot constitute newly-discovered facts" (citation omitted)).

Further, the investigator's report does not establish a deal between Bing and the Montgomery County District Attorney's Office.  ***See*** Amended PCRA Petition, 8/21/24, Exhibit A (Investigation Report).  The report simply

---

[5] To the extent that our analysis differs from the PCRA court's we note that we may affirm the decision of a PCRA court on any legal basis supported by the record.  ***See Commonwealth v. Smith***, 194 A.3d 126, 138 (Pa. Super. 2018).

mischaracterizes the newspaper article as establishing that Bing made a deal in order to save his mother's house from civil forfeiture in exchange for his testimony at Appellant's trial.[6] ***See id.***

Finally, as to the alleged statements of Bing and Bing's "blood relative" regarding Bing's willingness to provide a statement about the existence of a deal, Appellant has not provided an affidavit from Bing or his relative establishing their willingness to testify regarding the alleged deal.[7] Without such an affidavit, Appellant's assertions alone do not satisfy either of the time bar exceptions he pled. ***See Albrecht***, 994 A.2d at 1094; ***Allison***, 235 A.3d at 364; ***Dickerson***, 900 A.2d at 411.

Since the existence of the alleged deal underlying both of Appellant's time bar exception arguments is purely speculative, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's petition as untimely. ***See Sandusky***, 203 A.3d at 1043; ***Allison***, 235 A.3d at 364;

_____

[6] Appellant claims that he spoke with the investigator, and the investigator told him that this information came from a confidential source within the Philadelphia District Attorney's office. ***See*** Appellant's Brief at 18. However, Appellant's assertion is not supported by any evidence. ***See Albrecht***, 994 A.2d at 1094; ***Allison***, 235 A.3d at 364.

[7] Appellant appears to concede that Bing's relative did not know about the existence of a deal between Bing and the Commonwealth. ***See*** Appellant's Brief at 16 (stating that the relative "knew nothing about the [alleged] deal").

*Dickerson*, 900 A.2d at 411. Accordingly, this Court is without jurisdiction to reach the merits of Appellant's claims.[8] *See Ballance*, 203 A.3d at 1031.

### Denial of Recusal

Appellant also claims that the PCRA court erred by denying his motion for recusal. Appellant's Brief at 29. Appellant argues that the Honorable William R. Carpenter refused to address claims of counsel's ineffective assistance before trial, resulting in "Appellant's naïve waiver of counsel." *Id.* at 30 (some formatting altered). Appellant asserts that, after refusing to address the claim, Judge Carpenter "engaged in an intentional decade and a half act to conceal the hearing, by [refusing] to transcribe" it. *Id.* at 32. Appellant argues that these actions show judicial bias against him. *See id.* at 32-36.

Our standard of review for recusal claims is well-settled:

Our Supreme Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

---

[8] Because we conclude that the PCRA court was without jurisdiction to address the merits of Appellant's PCRA claims, we necessarily conclude that the PCRA court did not err in denying Appellant's request for discovery. *See Commonwealth v. Williamson*, 826 EDA 2025, 2026 WL 1129306, at *4 (Pa. Super. filed Apr. 24, 2026) (unpublished mem.) (stating "where a PCRA petition is untimely, a PCRA court's ability to order discovery is precluded by the lack of jurisdiction" (some formatting altered and citation omitted)).

- 13 -

As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned. It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

***Commonwealth v. Kearney***, 92 A.3d 51, 60–61 (Pa. Super. 2014) (internal citations omitted and formatting altered).

Additionally, prior adverse rulings by a jurist alone do not establish the requisite bias required to establish the need for recusal. ***See*** ***Commonwealth v. Birdsong***, 24 A.3d 319, 331 (Pa. 2011).

Here, the trial court explained its denial of Appellant's motion for recusal as follows:

Appellant filed a [motion for recusal] on June 17, 2024. Therein Appellant asserted that recusal was appropriate because of several rulings that he disagreed with in regard to his trial and because he wished to raise [a] claim of after discovered evidence relating to the appointment of trial counsel. However, these are

- 14 -

not sufficient reasons that would raise a substantial doubt as to this jurist's ability to preside impartially.

Appellant's allegations are really claims of alleged trial court error that he either could have raised on appeal or that he did raise on appeal. Prejudice cannot be established merely because Appellant disagreed with or was displeased by the ruling of pretrial motions or [during] the trial itself. [The PCRA court] notes that Appellant's judgment of sentence has been affirmed, he filed a PCRA petition and was provided PCRA relief in the nature of resentencing (all other bas[e]s for PCRA relief which were denied was affirmed), he was resentenced, and the direct appeal from his resentencing was affirmed. Appellant has completely failed to produce any evidence of bias, prejudice, and unfairness. The denial of this recusal motion was proper.

PCRA Ct. Op., 6/3/25, at 17.

After our review, we discern no abuse of discretion by the trial court in denying Appellant's motion for recusal. *See Kearney*, 92 A.3d at 60–61. As the PCRA court explained, Appellant's reason for seeking the PCRA court's recusal stems from an adverse pretrial ruling made by the same judge, who also presided over Appellant's trial. *See* PCRA Ct. Op., 6/3/25, at 17; *Birdsong*, 24 A.3d at 331. Appellant presents no evidence, however, establishing the bias, prejudice, or unfairness of the trial court in issuing the complained-of pretrial ruling and, further, fails to identify any conduct by the PCRA court indicative of bias, prejudice, or unfairness. *See Kearney*, 92 A.3d at 60–61. Accordingly, the PCRA court did not abuse its discretion by denying Appellant's motion for recusal and no relief is due on this claim. *See id.*

## Appellant's Motion for Leave to Amend

Appellant also claims that the PCRA court erred by failing to address his March 14, 2025 motion for leave to amend. *See* Appellant's Brief at 41-43.

Where a PCRA court does not rule on a motion for leave to amend, it implicitly denies the amendment by dismissing the PCRA petition. ***See Commonwealth v. Keys***, 328 A.3d 1141, 1149-50 (Pa. Super. 2024). Further, this Court has previously addressed the amendment of a PCRA petition as follows:

> Rule 905 governs the amendment of a pending PCRA petition. Rule 905(A) provides: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Rule 905 was created "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 574 Pa. 574, 832 A.2d 1014, 1024 (2003), *citing* ***Commonwealth v. Williams***, 566 Pa. 553, 782 A.2d 517, 526-27 (2001) (interpreting the predecessor rule to Rule 905 to require the PCRA court to allow amendment of the petition so that the petitioner can make "a sufficient offer . . . to warrant merits review"). Our Supreme Court has explained that the decision to grant leave to amend a PCRA petition is an act of discretion. ***See Commonwealth v. Crispell***, 648 Pa. 464, 193 A.3d 919, 930 (2018) ("Pursuant to [Rule 905(A)], PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice.") (emphasis added; citation and quotation marks omitted).

***Keys***, 328 A.3d at 1148-49.

Here, Appellant failed to explain in his appellate brief how the amendment of his PCRA petition would achieve substantial justice. ***See*** Appellant's Brief at 41-43. Specifically, Appellant fails to explain how the amendment would satisfy the PCRA's timeliness exceptions and establish the

PCRA court's jurisdiction to reach the merits of his claims. *See id.* Instead, Appellant argues the underlying merits of the claim he wished to present. *See id.* Accordingly, we discern no abuse of discretion in the PCRA court's implicit denial of Appellant's motion for leave to amend as Appellant has failed to explain why an amendment would achieve substantial justice. *See Keys*, 328 A.3d at 1148-49.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/10/2026